THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* WILBERTO PELLOT, Defendant and Appellant.

No. CR-62-237.        Decided May 6, 1963.

*Luis Raúl Cruz Jiménez* for appellant. *J. B. Fernández Badillo, Solicitor General, Rodolfo Cruz Contreras, Acting Solicitor General,* and *Peter Ortiz, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

PER CURIAM: The three errors assigned and discussed in this appeal— (1) in the judge stating orally in the presence of the jury, in open court while the district attorney was presenting his evidence, that although the offense charged

of statutory rape had not been committed, the evidence disclosed that an offense comprised within the acts constituting rape had been committed; (2) in the judge unjustifiedly submitting the key witness to a strong and intensive interrogatory on the merits of the case; and (3) the evident insufficiency of the evidence—were clearly committed. They are very serious and necessarily entail the immediate acquittal of defendant-appellant. Let us see.

Wilberto Pellot was charged before the Arecibo Part of the Superior Court with an offense of statutory rape, consisting, according to the information, "in having had sexual intercourse or sexual coition with A.M.M. . . . a girl 13 years of age." He pleaded not guilty. The trial having been held before a jury, he was found "guilty of the offense of attempt to commit rape." He was sentenced to serve one to two years' imprisonment in the penitentiary.

In the course of the testimony of the presumptive prosecutrix, she was examined on the merits by the district attorney as well as by the presiding judge. The magistrate's insistent and continuous questions before the jury, essentially leading and full of alleged facts not previously established, and the girl's forced answers thereto, in terms of due process of law and of an impartial and fair trial, should be ignored for the purpose of forming a definitive and correct criterion on defendant's guilt.

We will sum up the testimony of the girl allegedly aggrieved on the basis of her brief answers to the district attorney's questions: She is 13 years of age, is in the seventh grade in a public school in Arecibo; the young man Wilberto Pellot is her sweetheart; around 8:00 p.m. on October 22, 1960 she met him on the road; they went to a place near the road and sat there, then they lay one beside the other; she was at all times fully dressed. As fully dressed as when she testified at the trial, according to her testimony, and "wearing all her clothes." Wilberto did not have sexual inter-

course with her, "he did not introduce anything," nor was there any slight penetration, as insistently testified by the girl. He did not lie on top of her. After being there for quite some time, he moved over to her, but she ran away and went home. There her father punished her.

The gynecologist produced by the district attorney examined the girl two days after the occurrence. He testified that she was not deflowered nor was there any evidence of penetration, and that he only found a chafed spot on the hymen which may be produced by being in contact for some time.

The young girl's father testified that she was thirteen and a half years old, that he knew defendant; he saw his daughter on the evening of October 22, 1960; that that night he was in a *cafetín* listening to a soap opera over the radio while his daughter went out with a friend to the house of his nephew; that afterwards he went for his daughter and found her when she was coming along the road, at about a quarter to ten in the evening; that he did not say anything to her at the moment, but later he beat her. After the father said that the girl "would not tell him anything" and that "then I compelled her, in fact, as her father, I compelled her to tell me. She insisted on not telling me and then I pulled her and beat her and she then told me that Wilberto had tried to . . ." The defense attorney objected to his saying what the girl had told him after the punishment, on the ground that they were not spontaneous statements, admissible as part of the res gestae, and the judge sustained the attorney.

Thereupon the district attorney moved the trial court as follows:

"In that case we move the court to direct the jury *to bring in a direct verdict of acquittal.*" (Italics ours.)

Thereupon the judge, without excusing the jury, stated in its presence:

"The court overrules the motion *because it appears from the facts and from the evidence that an offense has been committed,* not rape, but *an offense comprised within the acts which constitute rape*" (T.E. p. 22). (Italics ours.)

Later a birth certificate of the minor was offered and admitted in evidence. The People did not offer any other evidence.

Defendant on his part did not offer any evidence and submitted his case on the prosecution evidence. There were no arguments or closing statements and the parties thus submitted the case to the jury.

In his first instructions to the jury, the judge said:

"If you believe that this fact is true—that there was not the slightest penetration—the girl's testimony, in that case the offense of rape has not been committed.

"However, rape includes attempt to commit rape, and also there is aggravated assault and battery.

"The district attorney made a motion to order a direct verdict, but this situation weighed on our conscience. We considered the law and thought we should not grant the district attorney's request because, assuming that you did not believe the girl's testimony, it is true that it is the only evidence, with the documentary evidence and the physician's testimony that there was no penetration but rather trauma, a blow, violence, then the offense of rape has not been committed. But if you believe that the offense of penetration was not committed, but that she suffered trauma produced by the member and you believe the physician's testimony, *in that case the offense of attempt to commit rape or of assault and battery, which are comprised within rape, has been committed*" (T.E. pp. 24 and 25). (Italics ours.)

The defense took exception to the instructions to the jury.

■ The above recital would be sufficient to conclude that the errors assigned were unquestionably committed and that in view of their seriousness they are reversible and appellant should be acquitted.

In making the foregoing statements in the presence of the jury and in transmitting, in part, instructions on the terms stated, the trial judge frankly and openly invaded the sphere of action, attributes and prerogatives of the jury as sole trier of the facts and the only body called upon, by itself, in jury cases, to consider and weigh the evidence and make the findings of fact which in its exclusive judgment are warranted by the evidence in the case. Section 184 of the Code of Criminal Procedure; *People* v. *Muñoz*, 68 P.R.R. 159 (1948); *People* v. *Camacho*, 69 P.R.R. 332 (1948); *People* v. *López*, 71 P.R.R. 1 (1950).

The attempt of The People in alleging the following in its brief is a naive attempt to justify the judge:

"The judge's comment was merely aimed at explaining that although the evidence was insufficient to support a conviction for the offense of rape, it was sufficient to support a conviction of attempt to commit rape or of aggravated assault and battery."

■ The judge's continuous and unjustified interference in the interrogatory on the merits of the key witness, as we said in *People* v. *Aletriz*, 85 P.R.R. 621 (Pérez Pimentel) (1962), shows once more that "the judge skillfully displayed . . . the mission reserved by law to the prosecuting attorney." This is another interference in the attributes of the prosecuting attorney which, as we said in that case, is a "gross prejudicial error."[1]

■ The insufficiency of the prosecution evidence is manifest. The district attorney was right in moving the court to order a direct verdict of acquittal. Neither the offense originally charged nor the attempt to commit it was satisfactorily proved.

The judgment of conviction appealed from, rendered against defendant-appellant on February 6, 1961 by the Su-

---

[1] In view of the nature of the interrogatory, we need not insert it.

perior Court, Arecibo Part, will therefore be reversed and his immediate acquittal ordered.

